United States v. Ashley Simmons Welcome back, Mr. Jacobs. Whenever you're ready. Thank you, Your Honor, and may it please the Court. I thought you were familiar. I should have brought a different suit. Thank you, Your Honor, and may it please the Court. Brian Jacobs again. Good afternoon, I think. I represent Ashley Simmons on appeal. I didn't represent him below. This Court, and we have two arguments for the Court. First, the Court should vacate his conviction for violating his supervised release because the District Court conducted a hearing without him present and violated his right to be present. And second, the Court should vacate the 30-month consecutive sentence the District Court imposed because the District Court did so under the mistaken impression that that was required to be consecutive under the statute, which is not so. I want to start first with the VOSR conviction in absentia. The District Court proceeded with the VOSR hearing without Mr. Simmons present after waiting just 45 minutes for him to appear. This Court reviews this exercise of discretion based on the circumstances at the time. And here, the record in front of the District Court consists of the fact that Mr. Simmons wasn't there after 45 minutes, that his counsel said he spoke with Mr. Simmons the prior night, and the government's statement that three witnesses were present. This record was totally insufficient for Judge Glasser to find that Mr. Simmons, who had no history of absconding, was intentionally absent. Other courts in cases the government and we cite, they will sign a bench warrant, they will adjourn for a day, they will take steps to ensure that the right to be present is protected. Here, the District Court did not. The District Court simply went forward with the hearing without conducting any balancing of Mr. Simmons' rights against the public interest or anything else. Didn't the judge, though, also note that it was unusual that when things beyond a defendant's control prevent them from coming to court, there's usually some indication. Either the person calls, or their family member calls, or someone says they're late, or the trains, or there's something there for the court to rely on. And here, the fact that he knew that Mr. Simmons was aware the night before, the counsel had spoken to him, and the counsel offered no suggestion, even after maybe getting the record wrong. There was a break for him to try to call Mr. Simmons at some point. Correct, Your Honor. And was unable to reach him. Was it really problematic for the District Court under those circumstances to deem him to be waiving his right to be present? I think the District Court's references to how there may often be a phone call or some explanation, that's not based on any precedent, and I'm not aware of any authority, and the government doesn't cite any saying, well, as long as you give defense counsel a chance to call, you can go forward in absentia without the defendant present after just 45 minutes. But if you look, you're right, there's no absolute rule about that. But if you look at the facts of this case, overall, there's somebody who doesn't know there's a constitution. But if you look at it, he hasn't, the lawyer did exactly what he should do. He called him the night before, discussed it, said be here tomorrow, and then without anything more, he disappears. And later, we find out he was defrauding people in Florida, I guess it was. It's a little hard to ignore all of that. Maybe your answer is we should ignore all of that. Well, Your Honor, I don't think the record's quite as clear as Your Honor suggests, because I think it is entirely possible on this record that the flight to Florida happened after the district court conducted a hearing in his absence and found him liable. And so at the moment the district court's making the decision, nothing would stop the district court from issuing a warrant for his arrest, from setting the hearing for the next morning. That's consistent with precedent and saying if he's not here and he's not picked up, then we're going to go forward. But to wait just 45 minutes and then to have a hearing with witnesses that results in a finding of liability, that results in jail time, goes too far. And this court's case in Smith v. Mann, the government suggested to the district court that that was the case that should apply. That requires a balancing of the public interest in proceeding and a finding that that clearly outweighs the right to be present. The district court didn't do that balancing, and the public interest did not clearly outweigh Mr. Simmons' right in being there. The public interest, the only thing the district court really referenced was that there were three witnesses there who were ready to go. Two were government employees whose job was to testify. Correct, one of the government employees was from Texas. This was something that was their job to do, and the defense said he would be willing to do video testimony if it were put off. And also, there's no great burden in waiting a day or a short time, certainly more than 45 minutes. And the third witness, the only non-government witness, was from New Jersey. So in those circumstances on these facts, the public interest in going forward, really the convenience of these three, does not clearly outweigh Mr. Simmons' right to be present for this hearing, where he could have contributed significantly to his defense. The violation of the right was not harmless in this context. As we lay out in our papers, Mr. Simmons had a defense to both of the things the district court was looking at as to the out-of-state travel issue. Mr. Simmons later wrote about how he had received permission from a prior probation officer. The defense lawyer at the hearing had no way of communicating with Mr. Simmons in real time to test those allegations against him. Did he eventually plead guilty to not appearing? Did he plead guilty to intentionally not appearing? Did he ever offer any excuse for not appearing? He, the failure to appear charge that he pled to, yes. And there was no, I'm not aware of the record having any defense to that charge. He pled guilty, and he got sentenced on that. But at the time the district court made the decision to go forward with the hearing in his absence, the district court should have let him be there. At the point where he's pleading guilty, that's already happened. Turning quickly to the sentencing issue, the district court sentences Mr. Simmons to 18 months on the VOSR, and then 30 months consecutive to that for the failure to appear charge, the substantive failure to appear charge that Mr. Simmons pled guilty to. The district court said he was doing this because the statute requires consecutive sentencing. And while consecutive sentencing is authorized, our position is that it's not required by the statute, and this court has never said that it is. Under 3140- That's your position now, but it wasn't the position taken in the district court. Correct. Below, the government suggested consecutive sentencing was required, and the defense agreed. We argue that that's not a waiver. The government's primary argument here is waiver, the intentional relinquishment of a known right. Here, there was no strategic advantage. Whatsoever for Mr. Simmons. Even if it's not waiver, if it's just regular, not preserved, the standard is if you have to show it's plain error, and if this issue of whether or not the statute means that the sentence has to be mandatory has not been addressed by this court, then how do you get over the plain error hurdle? I think it's plain under the plain language of the statute, where offense does not refer to a violation of supervised release, and every court that we cite that's addressed that issue has found that offense in 3156 does not refer to a violation of supervised release. And so this court would review for plain error, and we would submit that the error is plain, because offense doesn't mean a violation of supervised release. And that as to the violation of substantial rights, in this sentencing context, it's a lower bar than in the context of a trial error that requires redoing a trial. And certainly, if we're going to redo the hearing, as we should because of the violation of right to be present, we should redo the entire sentencing package as well. I see I'm past my time, and I'll reserve time for rebuttal. All right. Thank you. Good afternoon, and may it please the court. My name is Daniel Marcus, and I'm an assistant United States attorney in the Eastern District of New York, and I represent the United States in this appeal. Focusing on the two main issues in this appeal, first, the district court did not abuse its discretion by holding the appellant's violation of supervised release or VOSR hearing in his absence. And second, the district court correctly imposed consecutive sentences for the VOSR and the failure to appear charges. Therefore, this court should affirm the judgment below in its entirety. On the first issue, Judge Glasser correctly determined that the parties should move forward with the violation of supervised release proceeding on March 24, 2022, even in Simmons' absence, because he had an opportunity to appear. This is clear under federal rule of criminal procedure 32.1b2c, yet we know that he knowingly and voluntarily absented himself. The record is clear that- Well, I mean, at the time that this occurred, it was not actually known whether or not the circumstances of his absence were what was at issue. And so the question is, in assessing whether or not to go forward, was what was in the record sufficient to justify the judge's decision is the question, correct? Yes, Your Honor. But we believe that the record is clear that Judge Glasser made the requisite findings with regard to the knowing and voluntary standard that he did apply using the Smith v. Mann standard, as well as weighing the public interest. It's very clear that Mr. Simmons knew he was supposed to be there on the day in question. His counsel told the court that he knew about the proceeding. He was going to be there early. He, of course, did not show up at the time. Judge Glasser, in his discretion, did give the opportunity a 30-minute continuance. Even after that continuance, Mr. Simmons never appeared. And that's because, as we know, he absconded. It's a fact that he admitted to later on. And Judge Glasser also made the requisite and sufficient findings with regard to this separate prudential question. The government did bring in three witnesses, one of whom was from Texas, one of whom was from New Jersey. And Judge Glasser clearly understood that the convenience of the witnesses went into this question the parties were discussing with regard to the public interest. But even assuming that this court believes that Judge Glasser, in his discretion, should not have given an extra day continuance, we know that this error would have been harmless. In this case, again, the record is quite clear that Simmons absconded. He was found 14 months later in Florida. It's a fact that he admitted to. He pled to an information. And during the actual VOSR hearing, Judge Glasser considered the evidence. And he considered it to be overwhelming. This is in A155. Much of the strongest evidence in this case was based on documentary records. Very briefly, on the wire fraud charge, the evidence showed that the fraudulent loan was submitted to the SBA. The loan was approved. And the money was then ultimately deposited into a Bank of America account with Mr. Simmons' name, with astronomical management, a company presumably owned by Mr. Simmons. These bank accounts also listed Mr. Simmons' address that he lived at with his mother. On the traveling out of the district charges, the evidence showed that someone with the name Ashley Simmons and with his date of birth was traveling outside of the district on multiple occasions. There was ample evidence in the record for Judge Glasser to make a finding based on the preponderance of the evidence standard. And that's why we also believe that Judge Glasser did not abuse his discretion in moving forward with the proceeding because he's doing so in light of the more permissible and relaxed standards under Rule 32.1. Simmons had an opportunity to appear as set forth in the rule, but he chose not to. I'll turn to the second issue. Unless there are any questions on the first issue. On the second issue, Judge Glasser correctly imposed consecutive sentences for the VOSR and the failure to appear charges as required under 18 United States Code, Section 3146B2. As an initial matter, the government's position is that Simmons waived this argument on appeal because his counsel explicitly asked for consecutive sentences on the VOSR and the failure to appear charges multiple times. He did so- What was the benefit to him of having consecutive rather than concurrent sentences? Well, the benefit we would posit, Your Honor, potentially has to do with the fact that the defense attorney was essentially trying to maintain credibility with Judge Glasser. He's suggesting various guideline sentences, but all throughout that time, he understands that the logic of the statute does require it to be consecutive. But even if this court does not have to make some type of finding with regard to a tactical benefit, this court's prior decisions, including in Spruill, say that the court has recognized waiver when a party actively solicits or agrees to a course of action. And this is certainly the case here, Your Honors. Even if that's taken unknowingly, this is, if in fact what's going on here is assuming that the statute does not require it to be consecutive and the parties are just mistaken, that, in your view, that's still, it's a waiver? It's knowing if you mistakenly agree to something or you make a mistake about what the law is? Well, Your Honor, our position would be that if it was a mistake, there could be a separate and effective assistance of counsel claim. But here, we believe that it's clear because if we go to the plain error standard, there is absolutely no indication that this error, this was error, and it's certainly not a plain error. Based on a reading of the statute, Judge Glasser correctly determined that 18 United States Code. Is it very, though, I mean, you and your, oh, well, I always get tripped on whether or not to refer to someone as adversary or your friend on the other side. You're both sort of saying, well, it's, you know, the meaning of this statute is clear based on the language. You both seem to be saying that, although you're coming up with different meanings of this. There's no cases that address this. And so I guess I'm skeptical about how clear it is. In fact, the cases don't address it. And if you both are analyzing and saying, well, it's clear from the statute, this is what it means. Judge Lee, I think here, the interpretation that we believe is the correct interpretation is based on binding precedent in the circuit with regard to Perguero and Carth and other decisions that are in the violation of supervised release context with regard to the understanding that supervised release at the end of the day is really about the underlying punishment. In this case, Mr. Simmons, it's clear in 2009, Judge Glasser sentenced him based on, he was 1029A2 and C1B. And based on this court's precedent in a situation like this, where the failure to appear is based on a violation, you look to the underlying offense. We believe that is the clear reading of the statute. And Mr. Simmons has not shown that Judge Glasser's decision to impose consecutive sentences, which of course was correct, at all prejudiced him. It's clear that Judge Glasser intended to sentence Mr. Simmons at the high end of the guidelines range because of his extensive and continuous criminal history. The record is frankly devoid of any discussion of consecutive versus concurrent sentences because once again, Your Honors, the defendant asked for it. That is certainly clear. Unless there are any further points on that, I would simply also note for the third point, the government would ask that the court dismiss the appellant's third claim regarding the constitutionality of revocation proceedings, which he acknowledges is squarely foreclosed by this court's binding precedent in Pabuero and other similar decisions. Unless the court has any further questions, we request the court affirm the district court's decision in its entirety, and we will rest on our submissions. Thank you. All right. Thank you, Mr. Marcus. We'll hear some rebuttal from Mr. Jacobs. Thank you, Your Honor. Two brief points. One, the guilty plea to failure to appear is just extraordinarily bare bones. If you look at Appendix 3 in Ms. Sternheim's brief, there are two appendices here, the information simply says that he failed to appear on March 24 for court. And then at the guilty plea at Appendix 28 to Ms. Sternheim's brief, again, the judge says, so you failed to appear on the 24th of March knowingly, and the defendant says yes. So he doesn't say, because I had absconded, because I ran to Florida that day. The record doesn't establish that the flight to Florida didn't happen later. All the record shows he wasn't there, and he wasn't there. And that would, as I said earlier, support issuance of a bench warrant adjourning. It did not support going forward in his absence after just 45 minutes. As to the issue of whether the defense counsel below's agreement to consecutive sentences amounts to a true waiver or merely a forfeiture, the case law uses the words mistake and neglect that Your Honor used to refer to what amounts to a forfeiture rather than a true waiver. And so it is not the case that a mistake of the sort that seems to have happened here would result in a true waiver. And so here, I would say that even the defense counsel's mistake below doesn't amount to a waiver. And I know I said two points, but I have one more, which is that an error can be plain under plain error analysis when it contravenes the plain meaning of a statute. You don't need a case on point. But of course, we do cite cases from other circuits that are on point. And we think that the combination of those cases and the language of the statute are sufficient to establish plain error here. You see, it's an easy question. You referred to it as being a forfeiture rather than a waiver, right? And therefore? So what? Literally, I mean. Therefore, it's subject to plain error review as opposed to something that cannot be reviewed even for plain error. Thank you. Thank you, Your Honor. All right. Thank you both for the arguments. We will take this case under advisement as well.